IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICAL JENKINS,<br>6606 LYNFORD STREET<br>PHILADELPHIA, PA 19149<br>　　　　Plaintiff<br><br>　　　　v.<br><br>CITY OF PHILADELPHIA<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER WILLIAM MATHIEU<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER ROBERT PEACHY<br>BADGE NO.  3681<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER SCOTT GILL<br>BADGE NO. 5829<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER MICHAEL ROONEY<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER JAMES FOSTER<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER DANIEL KEARNY<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　and<br>POLICE OFFICER DeBIASE<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>　　　　Defendants | NON-JURY TRIAL IS<br>DEMANDED<br><br><br><br>CIVIL ACTION<br><br><br>N0.  11-1084 |

## AMENDED COMPLAINT

1. Plaintiff, Mical Jenkins, is an adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

2. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendant, Police Officer William Mathieu, was at all material times employed as a police officer by the defendant, City of Philadelphia.

4. Defendant, Police Officer Robert Peachy, was at all material times employed as a police officer by the defendant, City of Philadelphia.

5. Defendant, Police Officer Scott Gill, was at all material times employed as a police officer by the defendant, City of Philadelphia.

6. Defendant, Police Officer Michael Rooney, was at all material times employed as a police officer by the defendant, City of Philadelphia.

7. Defendant, Police Officer James Foster, was at all material times employed as a police officer by the defendant, City of Philadelphia.

8. Defendant, Police Officer Daniel Kearny, was at all material times employed as a police officer by the defendant, City of Philadelphia.

9. Defendant, Police Officer DeBiase, was at all material times employed as a police officer by the defendant, City of Philadelphia.

10. Defendant, City of Philadelphia, was at all material times charged with the responsibility of testing, hiring, training and supervising members of the Philadelphia Police Department, including in particular, the defendant Police

Officers William Mathieu, Robert Peachy and Scott Gill, Michael Rooney, James Foster, Daniel Kearny and DeBiase.

11.    At all material times, the defendant Police Officers William Mathieu, Robert Peachy and Scott Gill Michael Rooney, James Foster, Daniel Kearny and DeBiase, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia and the Philadelphia Police Department.

12.    This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

13.    Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in and around the City of Philadelphia, which is in the Eastern District of Pennsylvania.

14.    On or about February 12, 2009, at approximately 5:00 pm, the plaintiff was arrested by the defendant police officers William Mathieu, Robert Peachy, Scott Gill and/or John Doe #1-4, outside of the plaintiff's home at 6606 Lynford St., Philadelphia, PA 19149, pursuant to a bench warrant.

15.    During the course of the arrest, the defendants, Police Officers William Mathieu, Robert Peachy, Scott Gill, Michael Rooney, James Foster, Daniel Kearny and/or DeBiase, did use excessive force against the plaintiff, by repeatedly striking him on the head with their pistols, before knocking the plaintiff to the ground and handcuffing him.

16.    After the defendants arrested the plaintiff and placed him in handcuffs, they proceeded to subject the plaintiff to additional unnecessary violence and

excessive force by kneeing him in the back and kicking him in the face, head, groin and left leg while he lay facedown on the ground with his hands restrained by handcuffs.

17.    During the course of the arrest, the plaintiff repeatedly stated "I'm down, I am not resisting! I have no weapons; just arrest me!" to which one of the defendant police officers replied, "shut the f__k up," before proceeding to subject the plaintiff to additional unnecessary and excessive force.

18.    The plaintiff was not resisting arrest at the time when he was subjected to excessive force by the defendants, and the amount of force used in arresting the plaintiff was unnecessary and unreasonable under the circumstances.

19.    The plaintiff was not cited or charged with resisting arrest.

20.    As the direct and proximate result of the unconstitutional use of force by the defendant police officers upon the plaintiff, Mical Jenkins, the plaintiff received serious personal injuries, including, but not limited to; acute cervical, dorsal and lumbar spine strain and sprain injuries with mysofacitis and contusions to the plaintiff's bilateral knees.

21.    As a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, the plaintiff, Mical Jenkins, was forced to receive and undergo medical care and treatment and has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to his great detriment and loss.

22. As a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase,, the plaintiff, Mical Jenkins, has and/or may experience a loss of earnings and/or earning capacity.

23. As a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, the plaintiff, Mical Jenkins, has incurred other financial expenses and losses.

24. As a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase,, the plaintiff, Mical Jenkins, has suffered severe emotional distress, mental anguish, loss of enjoyment of life and inconvenience.

25. Following the above incident, plaintiff retained the undersigned counsel who, on July 22, 2009, sent a "Tort Notice" letter to the defendant, City of Philadelphia, informing the City of Philadelphia of the plaintiff's intent to file a claim against the above listed police officers, including Police Officer Peachy and Police Officer Gill, for their treatment of the plaintiff.

26. Upon information and belief, prior to April 11, 2011, the Defendant, City of Philadelphia, notified the defendant police officers, including Police Officer Peachy and Police Officer Gill, of the plaintiff's intention to file a civil action against them for the violation of his rights.

27.   On or about April 11, 2010, at approximately 10:00 pm, the plaintiff was standing at the corner of Magee Avenue and Castor Street, in Philadelphia, PA, and was waiting for a light to change so that he could cross the street, when the defendants, Police Officer Peachy and Police Officer Gill drove by the plaintiff in an unmarked police vehicle.

28.   Upon recognizing the plaintiff, the defendants suddenly came to an abrupt stop, pulling their can up in front of the plaintiff and exiting their vehicle with an extremely aggressive demeanor.

29.   As they were approaching the plaintiff, one of the defendants, Police Officer Peachy or Police Officer Gill, mockingly stated "Hey, you talk to your lawyer recently?"

30.   The defendants, Police Officer Peachy and Police Officer Gill, thereupon falsely arrested the plaintiff and maliciously caused the plaintiff to be prosecuted for obstructing a public highway.

31.   The plaintiff was factually innocent of the above cited charge, and further believes, and therefore avers, that the above arrest and prosecution was motivated solely by a malicious intention to retaliate against the plaintiff for pursuing a legal action against the defendants, Police Officer Peachy, Police Officer Gill, and their fellow City of Philadelphia police officers.

32.   During the course of their false arrest of the plaintiff, the defendants, Police Officer Peachy and/or Police Officer Gill seized eighty dollars ($80.00) in cash from the plaintiff's pocket, consisting of four (4) twenty dollar bills.

33. When the plaintiff protested against the theft of his money, the defendants, Police Officer Peachy and/or Police Officer Gill, became even more overtly hostile, and implied that they would assault and batter the plaintiff and cause him to be maliciously prosecuted for even more serious crimes if he persisted in demanding his money back.

34. The defendants, Police Officer Peachy and/or Police Officer Gill, never returned the plaintiff's money to him.

35. Upon information and belief, the defendants, Police Officer Peachy and Police Officer Gill, never completed a property receipt and never notified the defendants, City of Philadelphia, of their seizure of the plaintiff's money.

36. The defendants thereafter handcuffed the plaintiff and transported him to the police station, where he was deprived of his liberty for approximately one and a half (1.5) hours.

37. The plaintiff, Mical Jenkins, was forced to retain counsel for the above criminal charges, at a rate of seven hundred and fifty ($750) dollars.

38. After falsely arresting and maliciously prosecuting the plaintiff, the defendants never attended any hearings regarding said malicious prosecution.

39. The charge of Obstructing a Public Highway was dismissed prior to trial.

## COUNT I.
## FOURTH AMENDMENT OF UNITED STATES CONSTITUTION
## MICAL JENKINS VS. POLICE OFFICER ROBERT PEACHY AND
## POLICE OFFICER SCOTT GILL
## ILLEGAL SEIZURE, FALSE IMPRISONMENT AND MALICIOUS
## PROSECUTION

40. Paragraphs 1-39 are incorporated herein by reference, as though each were fully set forth herein at length.

41.     As aforesaid, Defendants, Police Officer Gill and Police Officer Peachy, acting

within the course and scope of their employment, under the color of state law,

and pursuant to the customs, policies, and practices of City of Philadelphia

police department; did deprive the plaintiff of his rights, privileges and

immunities under the Laws and Constitutions the United States; in particular, the

right to be free from illegal seizures, false imprisonment and malicious

prosecution; which actions violated the plaintiff's rights under the Fourth and

Fourteenth Amendments to the Constitution of the United States, and were in

violation of 42 U.S.C. §1983.

42.     As a direct and proximate result of the malicious, intentional, and/or reckless

actions of the Defendants, Police Officer Gill and Police Officer Peachy, the

plaintiff suffered injuries that are described above.

43.     The above-described actions of the Defendants, Police Officer Gill and Police

Officer Peachy, in their individual capacities, were so malicious, intentional and

reckless and displayed such a reckless indifference to the plaintiff's rights and

well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 and 1988, the plaintiff, Mical Jenkins,

demand compensatory and punitive damages against the Defendants, Police Officer Gill

and Police Officer Peachy, jointly and/or severally, in an amount not in excess of One

Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and

other appropriate relief.

## COUNT II- 42 U.S.C. § 1983
## FIRST AMENDMENT
## MICAL JENKINS  v.  POLICE OFFICER ROBERT PEACHY
## AND POLICE OFFICER SCOTT GILL

44.    Paragraphs 1 through 43 are incorporated herein by reference, as though each

were fully set forth below.

45.    Plaintiff, Mical Jenkins, had a right under the First Amendment of the United

States Constitution to pursue legal action against the above captioned

Philadelphia Police Officers.

46.    Defendants, Police Officer Gill and Police Officer Peachy, retaliated against

the plaintiff for exercising his First Amendment Right, when they stole the

plaintiff's money, attempted to intimidate the plaintiff by behaving towards

him in a physically threatening and verbally abusive manner, and when they

intentionally and maliciously subjected the plaintiff to false arrest, false

imprisonment and malicious prosecution, without cause, for the arbitrarily

selected crime of obstructing a public highway.

47.    The Plaintiff, Mical Jenkins' exercise of his First Amendment rights was the

sole cause of the aforementioned retaliatory action against the plaintiff.

48.    As a direct and proximate result of the intentional and malicious actions of

defendants, Police Officer Gill and Police Officer Peachy, the plaintiff was

caused to suffer anxiety, fear, emotional distress, loss of liberty, the loss of his

personal property and other damages, as described above.

49.    The above-described actions of defendants, Police Officer Gill and Police

Officer Peachy, were so malicious and reckless and displayed such a reckless

indifference to the plaintiff's rights and well-being, that the imposition of

punitive damages is warranted.

**WHEREFORE,** Plaintiff, Mical Jenkins, demands compensatory and punitive

damages against defendants, Police Officer Gill and Police Officer Peachy, jointly

and/or severally, for an amount in excess of One Hundred and Fifty Thousand

($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT III- 42 U.S.C. § 1983**
**EXCESSIVE USE OF FORCE**
**MICAL JENKINS V. POLICE OFFICERS MATHIEU, PEACHY, GILL,**
**ROONEY, FOSTER, KEARNY AND/OR DEBIASE**

50.   Paragraphs 1 through 49 are incorporated herein by reference, as though each

were fully set forth herein at length.

51.   As aforesaid, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney,

Foster, Kearny and/or DeBiase, acting within the course and scope of their

employment, under the color of state law, and pursuant to the customs,

policies and/or practices of defendant, City of Philadelphia and the

Philadelphia Police Department, intentionally and maliciously subjected the

plaintiff, Mical Jenkins, to excessive force, specifically by striking the

plaintiff with their pistols, twice, on and about the face and head, and then

continuing to physically abuse him, both before and after he was handcuffed;

and thereby deprived the plaintiff of his rights, privileges and immunities

under the Constitution of the United States and the laws of the United States;

in particular, the right to be free from excessive use of force by an officer;

which violated the plaintiff's rights under the Fourth and Fourteenth

Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

52. As aforesaid, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, City of Philadelphia and the Philadelphia Police Department, intentionally and maliciously assaulted and battered the plaintiff, Mical Jenkins, and placed him in reasonable fear of imminent bodily harm without just cause or provocation; all of which actions violated the plaintiff's rights under the Fourth Amendment to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

53. As aforesaid, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, City of Philadelphia and the Philadelphia Police Department, intentionally and maliciously assaulted and battered plaintiff, and used their positions of authority, illegally and improperly, to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

54. Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, have been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from excessive force, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. § 1983.

55. As a direct and proximate result of the malicious, intentional and/or reckless actions of the Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, , the plaintiff, Mical Jenkins, suffered injuries that are described above.

56. The aforesaid actions of Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, , were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Mical Jenkins, demands compensatory and punitive damages against Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT IV - 42 U.S.C. § 1983
### CONSPIRACY
### MICAL JENKINS V. POLICE OFFICERS MATHIEU, PEACHY, GILL, ROONEY, FOSTER, KEARNY AND/OR DEBIASE

57. Paragraphs 1 through 56 are incorporated herein by reference, as though each were fully set forth herein at length.

58.  As aforesaid, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, entered into a conspiracy to beat the plaintiff, retaliate against the plaintiff for pursuing a legal action against them, and deny he plaintiff his constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

59.  As aforesaid, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, performed overt acts in furtherance of the conspiracy.

60.  As aforesaid, the conspiracy directly and proximately resulted in harm to the plaintiff, Mical Jenkins, including the deprivation of his rights and privileges under the Constitution of the United States and the laws of the United States.

61.  Plaintiff, Mical Jenkins, believes and therefore avers, that the Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the City of Philadelphia Police Department, provided intentional as well as unintentional support to the conspiracy to deprive the plaintiff, Mical Jenkins, of his rights and privileges under the Constitution of the United States and the laws of the United States.

62.  As a direct and proximate result of the malicious, intentional and/or reckless actions of Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, the plaintiff, Mical Jenkins, suffered injuries, which are described above.

63.   The aforesaid actions of Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase , in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Mical Jenkins, demands compensatory and punitive damages against Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>COUNT V – 42 U.S.C. §1983</u>
<u>BYSTANDER D SUPERVISORY LIABILITY</u>
<u>MICAL JENKINS V. POLICE OFFICERS MATHIEU, PEACHY, GILL, ROONEY, FOSTER, KEARNY AND/OR DEBIASE</u>

64.   Paragraphs 1 through 63 are incorporated herein by reference, as though each were fully set forth herein at length.

65.   Plaintiff, Mical Jenkins, believes and therefore avers that Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, encouraged and stood idly by while the plaintiff was assaulted and battered and subjected to excessive force, which deprived the plaintiff of his constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

66.   Plaintiff, Mical Jenkins, believes and therefore avers that Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, encouraged and failed to prevent the beating, assault and battery of the

plaintiff, which deprived the plaintiff, Mical Jenkins, of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

67.    As aforesaid, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, failed to fulfill their obligation to supervise and intervene when they had an independent and affirmative duty to prevent the beating, assault and battery of the plaintiff.

68.    As aforesaid, by encouraging and failing to supervise and/or intervene, Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase , effectively assisted each other in the beating, assaulting and battering the of plaintiff, Mical Jenkins, and therefore deprived the plaintiff of his rights and privileges under Fourth and Fourteenth Amendments of the Constitution of the United States.

69.    The aforesaid actions of Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Mical Jenkins, demands compensatory and punitive damages against Defendants, Police Officers Mathieu, Gill, Peachy, Rooney, Foster, Kearny and/or DeBiase , jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## COUNT VI - 42 U.S.C. § 1983
## MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
## MICAL JENKINS V. CITY OF PHILADELPHIA

70.     Paragraphs 1 through 69 are incorporated herein by reference, as though each

        were fully set forth herein at length.

71.     Plaintiff, Mical Jenkins, believes and therefore avers that the Philadelphia

        Police Department and defendant, City of Philadelphia, have adopted and

        maintained for many years a recognized and accepted policy, custom and/or

        practice of systematically allowing the use of excessive force against persons

        wanted for failure to appear in criminal cases, and subjecting individuals to

        the same type of treatment to which plaintiff was subjected, which policy,

        custom and/or practice constitutes the use of excessive force and violates the

        Fourth and Fourteenth Amendments of the Constitution of the United States,

        the laws of the United States and is in violation of 42 U.S.C. § 1983.

72.     Plaintiff, Mical Jenkins, believes and therefore avers that the Philadelphia

        Police Department and defendant, City of Philadelphia, have adopted and

        maintained for many years a recognized and accepted policy, custom and/or

        practice, which allows for unconstitutional beating of suspects along South

        Street by Philadelphia Police Officers, and specifically members of the

        Warrant Team, the same type of treatment to which the plaintiff was

        subjected, which policy, custom and/or practice violates the Fourth and

        Fourteenth Amendments of the Constitution of the United States, the laws of

        the United States and is in violation of 42 U.S.C. §1983.

73.    Plaintiff, Mical Jenkins, believes and therefore avers, that at the time he was unconstitutionally beaten, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described policy, custom and/or practice of the Philadelphia Police Department, and particularly the Warrant Team, and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the policy, custom and/or practice, including, inter alia, providing proper training, supervision, discipline and control of the officers, agents and/or employees of the Philadelphia Police Department.

74.    By failing to take action to stop or limit the policy, custom and/or practice of beating suspects wanted for bench warrants, and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States the laws of the United States and is in violation of 42 U.S.C. § 1983.

75.    As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, City of Philadelphia, the plaintiff, Mical Jenkins, suffered injuries that are described above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Mical Jenkins, demands compensatory damages against defendant, City of Philadelphia, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

ABRAMSON & DENENBERG, P.C.


BY: _____
ALAN E. DENENBERG, ESQUIRE
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Alan Denenberg, Esquire, hereby certify that on June 20, 2011, a true and

correct copy of Plaintiff's Amended Complaint in the above captioned matter was served

via the Court's Electronic Filing System on the following:

Christopher Rider, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

Date:  June 20, 2011

ALAN DENENBERG, ESQ.